

Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2007

# USA v. Hough

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3241

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Hough" (2007). *2007 Decisions*. Paper 1283.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1283

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 05-3241 and 05-3451
_____


UNITED STATES OF AMERICA

v.

DON RAOUL HOUGH,

Appellant


_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 03-cr-00174-1)
District Judge: Honorable Terrence F. McVerry
_____


Submitted Under Third Circuit LAR 34.1(a)
on March 30, 2007

Before: RENDELL, BARRY, and CHAGARES, <u>Circuit Judges</u>.

(Filed   April 17, 2007 )


_____


OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Appellant Don Hough levels a multitude of attacks against the conviction and sentence entered against him by the United States District Court for the Western District of Pennsylvania. Additionally, Hough's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that the issues raised in Hough's appeal are frivolous and requesting leave to withdraw. We will affirm Hough's conviction and the District Court's sentence. We will also grant counsel's request to withdraw.

**I.**

On December 22, 2004, a grand jury in the Western District of Pennsylvania returned a superseding indictment charging Hough, a previously convicted felon, with five offenses, each stemming from his possession of large quantities of drugs and several guns, including an assault rifle, as well as a pipebomb. Specifically, the indictment charged Hough with: possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) (Count 1); possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) (Count 2); possession of a firearm during a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii) (Count 3); possession of a firearm by a convicted felon, in violation of

18 U.S.C. § 922(g)(1) (Count 4); and possession of an unregistered destructive device, in violation of 26 U.S.C. § 5861(d) (Count 5).

Rather than plead guilty, Hough elected to go to trial. On March 3, 2005, a jury convicted Hough on all counts. On July 13, 2005, the District Court sentenced Hough to 600 months, or 50 years. The sentence consisted of: 240 months for Counts 1, 2 and 4; a concurrent 120-month sentence for Count 5; and a consecutive 360-month sentence for Count 3.

On July 18, 2005, Hough timely filed a notice of appeal. Hough's appointed counsel subsequently filed an *Anders* brief, moving to withdraw his representation on the grounds that Hough's appeal presented no non-frivolous arguments. Hough responded with a *pro se* brief setting forth numerous challenges to his conviction and sentence. We have jurisdiction to consider these challenges pursuant to 28 U.S.C. § 1291.

## II.

Hough's *pro se* brief raises fifteen separate issues.[1] We have carefully reviewed

---

[1] Specifically, Hough claims that: the District Court erred in failing to grant Hough's motion for a new trial; there was insufficient evidence to convict on Count 3; there was insufficient evidence to convict on Counts 1 and 2; the District Court erred in refusing to grant Hough's motion to suppress evidence seized during the search of his home; the District Court violated the Double Jeopardy clause when it sentenced Hough to a mandatory 30-year sentence for his violation of 18 U.S.C. § 924(c)(1)(B)(ii); the District Court violated the Double Jeopardy clause when it sentenced Hough to two distinct sentences for possessing, with an intent to distribute, both cocaine and cocaine base; the District Court violated the holding in *Shepard v. United States*, 544 U.S. 13 (2005), by relying upon the PSR in determining that Hough's previous convictions qualified him as an Armed Career Criminal under 18 U.S.C. § 924(e); the Armed Career Criminal Act, as

these claims, under the standard of review appropriate for each, and find each of them to lack merit.

## III.

Pursuant to Third Circuit Local Appellate Rule 109.2(a), if trial counsel reviews the district court record and "is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and a supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)." Third Circuit L.A.R. 109.2(a). "The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Because the *Anders* brief complied with the requirements and because our own independent review of the record does not reveal any non-frivolous issues, we will grant counsel's request to withdraw.

---

applied to Hough, is unconstitutional; the District Court lacked jurisdiction to apply a sentence enhancement under 21 U.S.C. § 851 because an Assistant United States Attorney, rather than the United States Attorney, filed the § 851 Information; the District Court lacked jurisdiction to apply the sentencing enhancement provisions of 21 U.S.C. § 851 because the Government did not file an Information with respect to the Superseding Indictment; the District Court erred in failing to hold a hearing as to whether Hough had prior convictions for purposes of 21 U.S.C. § 851; the statute of limitation provision of 21 U.S.C. § 851(e) should either be equitably tolled or found unconstitutional as applied to Hough; the provisions of 21 U.S.C. § 851(c)(1) violate the Sixth Amendment; the District Court erred by denying Hough the right to proceed *pro se*; and that the District Court erred in failing to hold an evidentiary hearing as to whether one of Hough's firearms had an "altered" serial number for purposes of United States Sentencing Guideline 2K2.1(b)(4).

First, we are satisfied that counsel thoroughly examined the record for appealable issues and accurately determined that no non-frivolous issues existed. Counsel's *Anders* brief reveals that he conscientiously examined the record: he discussed the proceedings, explained how the jury had ample evidence on which to convict Hough, and explained how the District Court determined Hough's sentence. *See United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). We are "satisfied that counsel adequately attempted to uncover the best arguments" for his client. *Id*. at 781.

Second, this Court's independent review of the record and case law did not reveal any non-frivolous issues. As explained above, Hough's myriad challenges to his conviction and sentence simply lack merit.

**IV.**

For these reasons, we will AFFIRM the conviction and sentence imposed by the District Court and GRANT counsel's motion to withdraw.

_____